Johns v. Norris.

--------

Hiram C. Johns and wife, and others,

*v.*

John D. Norris and Brainard T. Norris.

1. A decree of the court of errors and appeals was as follows: S. J. will be entitled to redeem the * * property upon paying the amount at which it was sold at sheriff's sale, with interest. * * * The case should be remitted to the court below, that an account may be taken under the direction of the chancellor, and S. J. permitted to redeem on equitable terms. *Held,* that the court of errors and appeals did not intend to limit the terms, but to leave it to this court to add such other terms as it should deem equitable.

2. Where, under an agreement between the widow and administrator, he had purchased the intestate's property at a foreclosure sale, and the daughter of the intestate was permitted to redeem, the administrator's grantee, who had purchased with notice, was allowed for necessary repairs.

3. Also, where the building was afterwards partly burnt, and such grantee rebuilt it (there was no insurance thereon), he was allowed the cost of rebuilding.

4. He was not allowed the balance of a mortgage held on another property, which the administrator had also purchased under the same

agreement, the mortgage having been only partly paid by the application of the money for which the property sold on foreclosure of the mortgage.

5. The grantee in this case held to account for the rent of the premises from the time when it was bought at sheriff's sale; but if the widow had the use of the property for the support of herself and daughter, the grantee not to be charged with rent during the time she so had it.

Motion to settle decree.

*Mr. J. B. Vredenburgh,* for complainants.

*Mr. S. B. Ransom,* for defendants.

THE CHANCELLOR.

The defendants insist that the decree to be made in this court in this suit, in pursuance of the decree of the court of errors and appeals, should not direct an account of rents of the Green street property to be made by the defendant, John D. Norris, because, up to the time of filing the bill, May 11th, 1867, the property was occupied by Mrs. Morehouse; and that it should not authorize an account of rents after the commencement of this suit; that it should provide that John D. Norris be allowed for additions made to, and a new roof put on, the building on that property, by Noah Norris, while he held the title, which was from November 19th, 1857, to 1864 or 1865, when he conveyed it to his brother, John D. Norris, and the expenditure of John D. Norris in rebuilding the building after it was partially burnt down, in the winter of 1868–9; that it should not provide that semi-annual rests be made, as the complainants propose, in the computation of the interest on the rents; or, if it does, that it should direct that the like rests be made in the calculation of the interest in the account of the amount to be allowed to John D. Norris, for the money to be paid to him, in redemption of the property, and that it should direct that John D. Norris be allowed, in addition

to the money paid for the property at the sheriff's sale, and interest thereon, the balance due him, with interest, on his mortgage on the York street property, which was only partially paid off by the application thereto of the purchase money of that property at sheriff's sale under foreclosure, and the dividend received by him from the Morehouse estate. The court of errors and appeals, by their opinion, say: "Theresa Johns will be entitled to redeem the Green street property upon paying the amount at which it was sold at sheriff's sale, with interest. Since the conveyance of the Grove street lot to Brainard, he has expended considerable sums in the erection of buildings and in making permanent improvements upon it. The delay of the complainants in prosecuting their remedy, may have induced him to believe that they did not intend to avail themselves of their equitable right to redeem, and, under these circumstances, it would be just to give him a fair and reasonable allowance for his improvements to the freehold. The case should be remitted to the court below, that an account may be taken under the direction of the chancellor, and Theresa permitted to redeem on equitable terms." *Johns* v. *Norris*, 12 *C. E. Gr.* 485.

Although the language of the opinion, as to the terms on which Theresa is to be permitted to redeem the Green street property, is unequivocal, and, if the first of the above quoted sentences be considered alone, it would appear that they are merely the payment of the money paid by Noah Norris for the property when he purchased it at sheriff's sale, with interest, yet the court did not, in my opinion, intend so to limit them, but meant, as appears by the last of the above quoted sentences, to leave it to this court to add such other terms as it should deem equitable. Surely, it would not be just to give to her the benefit of the permanent improvements made to the property by Noah Norris and John D. Norris, while holding the latter to a strict account for the rents. There is no more reason for denying to John D. Norris the benefit of improvements made by

him to the freehold, than there is for denying it to Brainard T. Norris. Equitably, John D. Norris should be allowed for the addition put to the building by which it was raised two stories, and for the new roof he put upon it. This "addition" may well be regarded as necessary repairs, for Noah Norris testifies that when he bought the property the buildings were worth nothing in the condition in which they then were; that, to be taken down, they were worth nothing; but, left standing on the premises, they would be worth something, if " patched," and that he " patched them and overhauled " them by putting on the addition and the new roof. Afterwards, the building was partially burnt down, and John D. Norris rebuilt it. He had no insurance upon it. He ought to be allowed the cost of rebuilding, so far as it was reasonable and the rebuilding judicious. He will not be allowed the balance due on the mortgage which he held on the York street property. He is liable to account for rent of the Green street property, from the time when it was bought at sheriff's sale.

Noah Norris testifies that he himself received from Mrs. Morehouse $100 for rent before the new roof was put on. If Mrs. Morehouse had the use of the property for the support of herself and Theresa (now Mrs. Johns), John D. Norris ought not to be charged with the rent during the time she so had it. But if she had the property to her own use, and not for the benefit of her daughter, the latter will be entitled to an account for the rent. The account will include the rents or use of the property since the filing of the bill. Swallow v. Swallow's adm'r, 12 C. E. Gr. 278, 281. John D. Norris will be allowed for taxes and all necessary repairs. The account will be stated with semi-annual rests; that is, interest on semi-annual balances in favor of Mrs. Johns will be calculated down to the date of the report.

From what has been said, the terms of the decree as to the Grove street property will be readily settled.